McBurney *vs.* McIntyre.

---

JAMES C. McBURNEY, plaintiff in error, *vs.* PATRICK MC-INTYRE, defendant in error.

1. A tenant has no right to sub-let the premises without the consent of the landlord, and when done with his consent, the sub-tenant is the tenant of the landlord, and he, and not the tenant, has a right to proceed against the sub-tenant, in case he holds over.

2. When A, the tenant, sub-let to B, who was also required to pay rent to the landlord for the part sub-let, and at the end of the year for which they held the premises, A and B were rivals in securing a lease from the landlord for the ensuing year, and both claimed to have rented the premises for the next year, and B remained in possession, the relation of landlord and tenant did not exist between them.

3. When A applied to the landlord to lease the premises for three years, which was refused, but it was agreed that he might rent for one year, and that the written lease should be executed at another time, and A laid down his notes for one year's rent on the landlord's table, which

A afterwards claimed as the evidence of the contract, the notes not having been returned:

*Held*, that the language used in the notes must be taken most strongly against A, and that the expression in the notes that they are for the rent of the store occupied by A, will not embrace a lot adjoining the store-house, fenced off to itself, which usually went with the store before it was so fenced.

Landlord and tenant.   Motion for new trial.   Decided by Judge COLE.   Bibb Superior Court.   May Term, 1868.

McIntyre sued out a warrant against McBurney, as his tenant, holding a certain lot over and beyond his term. McBurney denied holding under him.   The jury found against McBurney for double the proven rent.   His attorney moved for a new trial, upon the ground that the verdict was contrary to the charge of the Court, and against the weight of the evidence.   What the charge was does not appear. The new trial was refused, and this is assigned as error. For so much of the evidence as is necessary to understand the cause, see the opinion of the Court.

O. A. LOCHRANE for plaintiff in error.

WHITTLE & GUSTIN, (by A. W. HAMMOND & SON,) for defendant in error.

BROWN, C. J.

1. Under the 2253d section of the Revised Code, the tenant has no right to impose a sub-tenant upon the landlord without his consent; and if it is attempted, we hold that the sub-tenant becomes the tenant of the landlord, if he elects to recognize him as such, and not the tenant of the tenant who placed him upon the premises, without the consent of the landlord; and the landlord, so recognizing the sub-tenant, may proceed against him for holding over; or he may refuse to recognize the tenancy and proceed to expel the person placed upon the premises by the tenant, without his consent, as an intruder, in any manner prescribed by law for the expulsion of trespassers or intruders.   Any other rule would

McBurney *vs.* McIntyre.

be most unjust and unreasonable, as it would put it in the power of the tenant to place upon the premises persons the most objectionable to the landlord, or such as might use the premises for purposes the most disagreeable to him.

In this case, there seems to have been a dispute whether Mrs. Ferrell, the owner of the premises, or McIntyre, who occupied the store as her tenant for the year 1867, had the right to use or rent the vacant lot by the store; and as McBurney found it necessary, in putting up his building, to pass over that lot, and to place some of his building material upon it, he paid rent to both the owner and the tenant. He was therefore the tenant of Mrs. Ferrell, the owner, and not of McIntyre, who held under her; and if he held over, the owner, and not the tenant, had a right to proceed against him.

2. When McIntyre's lease was about to expire, he and McBurney were rivals in securing a lease from Mrs. Ferrell, the owner, and both claimed to have leased the vacant lot from her; and McIntyre then proceeded against McBurney, as his tenant, for holding over. Under the facts of this case, as disclosed by the evidence, we hold that the relation of landlord and tenant did not exist between them, and that this proceeding can not be maintained.

3. The rent notes which McIntyre drew and left on Mrs. Ferrell's table, and which, as they were not returned, he claimed to be the evidence of the contract between them for the ensuing year, must be construed most strongly against him as the maker. And the expression in the notes that they are for the rent of the *store* occupied by him, will not be construed to embrace the lot adjoining the store, which formerly went with it, but which had, within the last year, been fenced off to itself, and which Mrs. Ferrell did not understand she had rented with the store-house, as she rented it to McBurney the next day for the ensuing year.

Judgment reversed.