## McLELLAND *v.* SINGLETARY.

1. When the maturity of an obligation for the delivery of a specified quantity of a given commodity is extended by a contract in which it is expressly stipulated that the value of such commodity shall be that which it bears in a named market on a given day, and shall be determined in a designated manner, the holder of the obligation is bound to settle by the terms of such contract.
2. The contract involved in the present case was not ambiguous, and was correctly construed by the court. None of the rulings complained of were erroneous, and the verdict which the judge directed was demanded.

Argued May 6, — Decided May 24, 1901.

Complaint on note.    Before Judge Sheffield.    Early superior court.    October 4, 1900.

*R. H. Sheffield* and *W. C. Worrill*, for plaintiff.
*Arthur Gray Powell*, for defendants.

LEWIS, J.    A. J. and L. W. Singletary executed a promissory note by which they agreed to pay, on December 1, 1898, 6,500 pounds of cotton in bales of 500 pounds each.    In January, 1899, there was a correspondence between A. J. Singletary and Young A. Gresham, the agent of the holder of the note, in regard to a proposed extension of the time of payment, the result of which was that an extension to December 1, 1899, was granted, Singletary paying $50 on the debt, and signing an agreement which Gresham had prepared and submitted to him for his signature, and which provided for payment of interest on the debt from December 1, 1898, and also provided how the value of the cotton should be determined.    When the period of extension expired there was a dispute between the parties as to the value to be placed on the cotton in ascertaining what was due on the note, and the holder brought suit against the makers, seeking to recover, as the value of the cotton, its value on December 1, 1899, besides interest from December 1, 1898, on its value on January 12, 1899, less the $50 payment.    The defendants denied that the plaintiff was entitled to the value of the

cotton on December 1, 1899, and contended that, under their agreement with the plaintiff, the value to which the plaintiff was entitled was the value on January 12, 1899, which, according to testimony introduced on the trial, was much less than the value on December 1, 1899.   The agreement signed by Singletary was as follows:

"Atlanta, Ga., Jan. 16th, 1899.

"I hereby agree to pay Mrs. Mary G. Gresham or order 8% interest from Dec. 1st, 1898, on my note for thirteen bales cotton, said note to be extended to Dec. 1st, 1899.   The amount or value of said note to be the value of said cotton on Jan. 12th, 1899, on the Blakely, Ga., market, and to be determined by the Blakely market report on file at the time of payment of said note.   The sum of fifty ($50.00) having been paid on said note this day and is to be duly credited on day of settlement of same."

The letter in which this agreement was submitted to Singletary for his signature was lost, and there was conflict in the testimony as to what was said in it in regard to the terms of extension.   There was also some conflict as to a prior letter on the same subject.   The court, at the conclusion of the evidence, held that there was no issue to be submitted to the jury, and that the plaintiff, under the contract, could not recover the value of the cotton on December 1, 1899, but could recover only its value on January 12, 1899, with interest on that value from December 1, 1898, at eight per cent. per annum, less the credit of $50; and a verdict was directed in accordance with this holding.   To this ruling, and to the refusal of the court to exclude certain testimony as to the contents of Gresham's letter to Singletary submitting the agreement, the plaintiff excepted.

We see no error in the ruling of the court below.   The agreement of January 16, 1899, was drawn up by Gresham, the agent of the plaintiff, and sent to the Singletarys for their signature. According to the settled rulings of this court, the contract should be therefore construed most strongly against the plaintiff.   See *McBurney* v. *McIntyre*, 38 *Ga.* 261; *Hill* v. *King Mfg. Co.*, 79 *Ga.* 105.   The contract, however, is to our minds entirely without ambiguity.   It plainly fixes the value to be placed upon the cotton in the event of a money settlement as the value of the same cotton according to the Blakely market on January 12, 1899. The judge,

in our opinion, was right in holding that there was no issue to be submitted to the jury, there being no issue about the value of the cotton at Blakely on January 12, 1899. The evidence which was admitted over the objection of the plaintiff, in regard to the contents of the letter written by Gresham to Singletary, could not have been harmful to the plaintiff. It did not alter or vary the terms of the written agreement, but only reiterated that which the agreement itself plainly set forth. There was no error in the direction given this case by the lower court.

<div align="center">

*Judgment affirmed. All the Justices concurring.*