### 5235.  PIDCOCK v. NACE et al.

The action being a suit for breach of promise to pay the debt of another, and it not being alleged that the promise was in writing, or that the other party to the contract had either partly or wholly performed it by furnishing in whole or in part the consideration which induced the promise, it was error to overrule a demurrer based upon the ground that the contract sued on was within the statute of frauds.

DECIDED JANUARY 20, 1914.

Complaint; from Colquitt superior court—Judge Thomas. September 6, 1913.

*L. L. Moore, Shipp & Kline,* for plaintiff in error.
*Parker & Highsmith, W. F. Way,* contra.

POTTLE, J. C. T. and E. S. and C. J. Nace brought suit against F. R. Pidcock and A. E. Williams, the petition alleging substantially the following facts: On January 15, 1909, the plaintiffs entered into a written contract with the defendants, under the terms of which the plaintiffs sold to the defendants a certain planing-

mill outfit, known as the Star Lumber Company planing mill. The contract stipulated that the plaintiffs warranted that, so far as they knew, the debts of the Star Lumber Company would not exceed a given sum, and that if the plaintiffs themselves had contracted any debts against the Star Lumber Company, not mentioned in the list of indebtedness attached to the contract, the plaintiffs would assume said debts. The contract further provided: "The said Pidcock and Williams are to assume all the debts now owing by the Star Lumber Company, except such debts, if any, that the said E. S. & C. J. Nace themselves have contracted that do not appear in the statement hereto attached and marked Exhibit A." The contract was signed by the plaintiffs, but not by the defendant Pidcock or by Williams. The petition alleges that on the day on which the contract was executed the Star Lumber Company was in debt to the firm of T. M. Green & Company in a named sum, which debt was not contracted by either of the plaintiffs, and of which neither of them had any knowledge. It is further alleged that the defendant Williams did know of the indebtedness, because he was the active manager of the business of the Star Lumber Company and contracted the debt in its behalf with the firm of T. M. Green & Company. The petition further alleges that T. M. Green & Company filed suit on said debt and recovered judgment against the plaintiffs and Williams, and the plaintiffs paid off the execution issued on said judgment. The plaintiffs seek to recover the amount paid by them, averring that the defendants are liable therefor under the terms of the written contract hereinabove set out. The defendant Williams filed no defense. The defendant Pidcock demurred and answered. His demurrer was on the ground that there was no privity of contract between him and the plaintiffs, and that the alleged assumption of indebtedness was not in writing, and was therefore void under the statute of frauds. The demurrer was overruled. The defendant's motion for a new trial was overruled. He excepted and assigns error upon each of these adverse judgments.

The demurrer should have been sustained. The petition was lacking in essential averments. The contract was one which the law requires to be in writing. Civil Code, § 3222. In order for one to be bound by the assumption of another's debt, it must appear either that he promised in writing to pay the debt upon a sufficient consideration, or that the consideration which induced him

to make the promise had been furnished by the other party, or that there had been such part performance on his part as to make it a fraud on the promisor to refuse to pay the debt. Civil Code, § 3223; *Wilkerson* v.. *Patton,* 10 *Ga. App.* 697 (73 S. E. 1088). The petition does not allege that Pidcock agreed in writing to pay the debt of Green & Company, and therefore, in order to render him liable to pay the debt, it must appear either that the plaintiffs furnished the consideration which induced Pidcock's promise to pay the debt, or that there was such part performance on their part as would render it a fraud for Pidcock not to comply. The rule is that the contract is taken out of the operation of the statute of frauds whenever one party to it performs some act essential to the contract, which results in loss to him and benefit to the other party. *Bagwell* v. *Milam,* 9 *Ga. App.* 315, 319 (71 S. E. 684). There being no allegation that Pidcock accepted in writing the contract of sale, his alleged promise to pay the debt of Green & Company is within the statute of frauds. It is argued that the contract was fully executed by complete performance on the part of the plaintiffs by delivery of the property described in the contract and acceptance by the defendant. . While this may be true in fact, the petition is utterly silent as to it. The petition alleges merely the execution of the contract by the plaintiffs and the breach thereof by the defendant. There is no averment which even suggests that there has been either complete or partial performance of the contract on the part of the plaintiffs, accepted by the defendant, or that there had ever been any complete or partial delivery of the property. This being so, the demurrer was well taken. Of course, if the facts be as set out in counsel's brief, the petition may be perfected by amendment, so as to take the contract without the operation of the statute of frauds.　　　*Judgment reversed.*