5709. PIDCOCK *v.* NACE *et al.*

1. The amendment to the petition brought the action within an exception to the statute of frauds; and, under the ruling in this case when it was previously before this court, the petition as amended set forth a good cause of action.

2. The judgment obtained against the plaintiffs by a creditor of the partnership which had been dissolved, though not admissible for the purpose of fixing liability on the defendant, was admissible in proof of the amount of the indebtedness alleged to have been paid by certain parties formerly composing the partnership in behalf of others who were alleged to have assumed all the liabilities of the partnership at the time of its dissolution, and who, in consequence of a contract to that effect, were alleged to be liable to the plaintiffs in the amount represented by the judgment.

3. It is the duty of the court to construe unambiguous contracts. In case of ambiguity the construction becomes a matter of fact for the jury. A contract which provides that certain named parties are to assume all the debts of a designated partnership "except such debts, if any, that [the two retiring partners] have contracted that do not appear in the statement hereto attached, marked 'Exhibit A,'" if ambiguous at all, may properly be construed as a limitation of the retiring partner's liability excluding any other debts than those mentioned in the exhibits unless such debts had been contracted by the retiring partners themselves, and this construction can not properly be set aside when found by a judge sitting as both court and jury.

DECIDED FEBRUARY 13, 1915.

Complaint; from Colquitt superior court—Judge W. E. Thomas. April 10, 1914.

*L. L. Moore, Shipp & Kline,* for plaintiff in error.

*T. H. Parker,* contra.

RUSSELL, C. J. The contract upon which this action is based is set out in substance in the decision rendered by this court upon a former hearing. *Pidcock* v. *Nace,* 14 *Ga. App.* 183 (80 S. E. 526). The plaintiffs, prior to the entering of the remittitur reversing the

judgment rendered on the first trial, amended their petition, by alleging a complete performance by them of the contract in question and (based upon that performance as a consideration) alleged an agreement by the defendants to assume all debts then owing by the Star Lumber Company, except such (if any) as had been contracted by E. S. Nace and C. J. Nace. This amendment operated to bring the case within the exceptions stated in section 3223 of the Civil Code, and which we held would be necessary to take it out of the operation of section 3222 of the Code, generally referred to as the statute of frauds.

The finding of the trial judge for the plaintiffs, based upon the evidence in the record, did not amount to a holding that the judgment as obtained by Green & Company against the Star Lumber Company, composed of E. S. and C. J. Nace and A. E. Williams, for the amount of an account due Green & Company by them, was res judicata and binding upon Pidcock. That judgment, however, was admissible in evidence as proof of the fact that the Star Lumber Company were indebted to Green & Company in the amount of the judgment, but not for the purpose of fixing liability upon Pidcock. It was other evidence in the case which fixed the liability of Pidcock to the Naces to be the amount of the judgment which Green & Company had obtained against the Star Lumber Company. Williams, a codefendant with the Naces in the suit of Green & Company against the Star Lumber Company, and a codefendant with Pidcock in the present case, and who was proved to be the person who contracted the original debt with Green & Company in behalf of the Star Lumber Company, according to the testimony, admitted that the account was correct, and also admitted that it was one of the accounts which were a part of the consideration of the contract of sale in question. Without deciding as to whether this admission on the part of Williams was sufficient to fix liability on Pidcock, it is enough to say that it authorized the jury to find that the account was correct. The defendant offered no evidence to rebut any of the evidence for the plaintiffs, and under the construction that the court gave the written contract, a judgment for the plaintiffs was a proper one.

The contract contains the following stipulations: "The said E. S. Nace and C. J. Nace hereby warrant, that, so far as they know, the debts of the Star Lumber Company do not exceed the

sum of $2,786.76. They hereby warrant unto the said F. R. Pidcock and A. E. Williams that if they themselves have contracted any debts against the Star Lumber Company, not mentioned in the exhibit hereto attached, they will be responsible for and assume said debts. The said F. R. Pidcock and A. E. Williams are to assume all debts now owing by the Star Lumber Company, except such debts, if any, that the said E. S. Nace and C. J. Nace themselves have contracted that do not appear in the statement hereto attached, marked 'Exhibit A.' " The debt of Green & Company was not named in the exhibit, and, according to the evidence, it was not a debt contracted by either of the Naces, but was a debt contracted by Williams during the time he was manager of the Star Lumber Company. The plaintiff in error contends, however, that the following evidence of E. S. Nace concludes the issue against the plaintiffs: "Mr. Williams, according to his statement, showed that the Star Lumber Company owed Green & Company something like $80. I did not know that he owed them anything only from his statement. I was not keeping the books. . . As to what the Star Lumber Company owed Green & Company at the time C. J. Nace and myself delivered this property to Williams and Pidcock, all I know about it was Williams's statement that he owed them $85. Mr. Pidcock, the defendant, was present in Judge McKenzie's office when Mr. Williams made the statement to me that the Star Lumber Company owed Green & Company $85. That was at the time and place that the contract in question was signed, and at the time and place where the property was delivered under the contract, and at the time Pidcock and Williams agreed to pay the debts mentioned in the contract." The plaintiff in error contends that this evidence showed conclusively that the Naces had notice of this indebtedness, and therefore that, under the provisions in the contract, he was not liable. The judge, however, acting as both court and jury, placed a different construction upon the contract, and held that this was one of the accounts for which Pidcock and Williams were liable. We will not say that this was an erroneous judgment. The contract, to say the least, is susceptible of more than one construction. The cardinal rule for the construction of contracts is to ascertain the intention of the parties (Civil Code, § 4265) ; and in construing contracts, it is important to look to the substantial purpose which must be supposed to have in-

fluenced the minds of the parties, rather than to the details provided for making the purpose effectual. *Illges* v. *Dexter, 77 Ga.* 36. It does not appear whether the contract had been actually signed at the time of the statement of Williams as to the account due Green & Company. But be that as it may, it is evident, from both the evidence of Nace and the testimony showing the admissions of Williams and the acts of the parties, that it was the intent of the Naces, and was understood by Williams and Pidcock, that the Naces, after signing the contract, were to be liable only for debts the Naces themselves had contracted in behalf of the Star Lumber Company, if any, which were not named in the contract. This construction therefore would be binding on Pidcock (*Lynch* v. *Goldsmith, 64 Ga.* 51) ; for where the language of a written contract "is ambiguous and may be fairly understood in more ways than one, it should be taken in the sense put upon it by the parties at the time of its execution." *Armistead* v. *McGuire, 46 Ga.* 232. The general rule is that where a contract is free from ambiguity and no question of fact is involved, the construction of it is solely for the court (*McLelland* v. *Singletary, 113 Ga.* 601, 38 S. E. 942) ; but where the terms of a contract are ambiguous, its meaning should be left to the jury. Civil Code, § 4265 ; *Erskine* v. *Duffy, 76 Ga.* 602. In the present case the trial judge, if he considered the contract ambiguous, had but to act in his capacity as a jury, under the agreement in this case, and thus decide what was the real intention of the parties. As we view the case, he did not err in his judgment finding for the plaintiffs.

        *Judgment affirmed. Broyles, J., not presiding.*