## 46286.   HOSPITAL AUTHORITY OF FULTON COUNTY v. AGN MANUFACTURING, INC.

DEEN, Judge. The sole issue in this appeal by the property owner from the denial of a summary judgment in its favor in a materialman's action to foreclose a lien for the improvement of real property is whether the claim of lien was filed within three months of the completion of the work as required by *Code Ann.* § 67-2002 (2). The lien was filed on July 23, 1970. The transaction relied upon as coming within the statutory period is as follows: Batson-Cook Co. as general contractor entered into a building contract with the defendant Hospital Authority of Fulton County. Its subcontractor, M & M Co., entered into a contract, partly oral and partly in writing, for the delivery of 185 panels to cover air conditioning ducts which were delivered on the defendant's premises on February 3, 1970. According to the defendant's counter-affidavit it was understood that only rough measurements were originally made and that it would be necessary to reshape some of the panels where special obstacles developed in the course of the work. "Pursuant to the agreement to furnish appropriate panels to cover all air conditioning ducts, 15 of these original 185 panels were returned to plaintiff for special cutting and shaping . . . not included in the initial price." These panels, built to the defendant's specifications, were picked up at the plaintiff's place of business on April 30. About this time M & M, the subcontractor, fell upon financial difficulties. The general contractor requested that the bill for the work be sent direct to it; this was done and plaintiff re-

ceived payment for the reshaping from Batson-Cook. Appellant contends that these facts, especially when taken in connection with the plaintiff's answers to the defendant's interrogatories, show only that plaintiff had contract with Batson-Cook for the construction of certain reformed panels, that Batson-Cook paid for them, and that these facts are insufficient to raise a jury question as to whether the work was in fact performed for the Hospital Authority. The original agreement included furnishing all ducts. *Held:*

Where the defendant, who does not have the burden of proof upon trial of the case, makes a motion for summary judgment, all of the testimony adduced on hearing the motion must be construed against it. *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551 (181 SE2d 866). So construed, it is obvious from the pleadings, answers to interrogatories, affidavit and documentary evidence taken together that the plaintiff is asserting that the panels were recut in accordance with provisions of the original agreement between it and the subcontractor, that they were delivered for the defendant's use, and that they were paid for by the general contractor because of the financial embarrassment of the subcontractor. A jury question was presented, and the trial court properly denied the motion.

Judgment affirmed. *Bell, C. J., and Pannell, J., concur.*
ARGUED JUNE 1, 1971—DECIDED JULY 2, 1971.

*Glover & Davis, Welborn B. Davis, Jr.,* for appellant.
*Howard & Storey, Robert W. Storey, James C. Howard, Jr.,* for appellee.