48108. SOUTHEASTERN HIGHWAY CONTRACTING
COMPANY v. STATE HIGHWAY DEPARTMENT.

ARGUED APRIL 30, 1973 — DECIDED NOVEMBER 1, 1973.

*Smith, Currie & Hancock, Robert B. Ansley, Jr. Aubrey L. Coleman, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Larry Evans, Marshall R. Sims, Deputy Assistant Attorneys General,* for appellee.

QUILLIAN, Judge. By virtue of the stipulation between the parties, $17,383.62 retainage with interest on that amount has been liquidated between the parties and is not now an issue in this case. The only issue is the plaintiff's right to recover $74,508.12 together with interest on that amount and court costs for the plaintiff's "work of stock piling selected borrow before placing this material on the roadway in accordance with defendant's orders."

From the proof adduced there was a conflict as to whether the plaintiff was ordered or directed by the defendant's engineer to

stock pile material before placing it on the roadway. Since this is on motion for summary judgment, the evidence must be construed in favor of the party opposing the motion. *Hospital Authority of Fulton County v. AGN Mfg., Inc.,* 124 Ga. App. 159, 160 (183 SE2d 58). Moreover, the trial judge's order indicated that the factual question was assumed and that the contractual terms only were considered. Hence, for the purposes of this appeal we considered that the plaintiff was so directed by the defendant. This leaves the question as to whether the contract provides for payment for stock piling in a situation such as here presented.

The contract specifies 73¢ per cubic yard for the work of "selected borrow." It further provides that selected borrow will be paid for at the contract unit price established for this item and that "the price paid shall be full compensation for furnishing all labor, equipment, tools, superintendence, and incidentals necessary to complete the work." (From 110.05 section of the contract.) On the other hand, Section 104.06 of the contract specifies with regard to material that is stock piled: "all such material shall be measured and counted for payment as Unclassified Excavation when it is first excavated, . . . When the material is picked up from a stock pile and finally placed, both the excavation and the overhauls. . . will be measured and counted for payment under the appropriate Pay Items."

In the construction of a contract it is to be construed most strongly against the party who formulated it. *State Hwy. Dept. v. Wright Contracting Co.,* 107 Ga. App. 758, 762 (131 SE2d 808). Here the defendant State Highway Department of Georgia as a scrivener of the contract must receive an unfavorable construction with regard to all ambiguities. "Construction of ambiguous written contracts is a matter for the court, and no jury question is raised unless after application of all applicable rules of construction the ambiguity remains." *Farm Supply Co. v. Cook,* 116 Ga. App. 814 (1) (159 SE2d 128); *Davis v. United &c. Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488).

The key is to ascertain the contractual intention of the parties. Here, as in *Western Contracting Corp. v. State Hwy. Dept.,* 125 Ga. App. 376, 382 (187 SE2d 690), after utilizing all reasonable applicable rules of construction the contract remains ambiguous. It is unclear whether under the terms of the contract, as we read them, the stock piling of borrow should be treated as an exclusive item under Section 110 or should first be paid for as unclassified excavation and then counted for payment under the appropriate

pay item as provided in Section 104.06.

In the case sub judice where from the facts it cannot be definitely established whether the actions taken by the contractor fall within one section or the other section and the contract is ambiguous as to which section should control, it was error for the trial judge to grant the defendant's motion for summary judgment.

There is no necessity here to establish that the defendant's actions were fraudulent or such gross mistake as would necessarily imply bad faith or failure to exercise honest judgment. See *State Hwy. Dept. v. W. L. Cobb Construction Co.*, 111 Ga. App. 822, 825 (143 SE2d 500). As we pointed out in *State Hwy. Dept. v. Charles R. Shepherd, Inc.* 119 Ga. App. 872, 879 (168 SE2d 922): "Questions as to compensation for work actually performed but not allowed are not finally determined by the engineer but instead are subject to arbitration and subsequent legal action." Under Section 7.18 the plaintiff requested arbitration, which the defendant declined, and was then entitled to raise the issue before the courts.

The trial judge erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Deen, J., concurs. Bell, C. J., concurs in the judgment only.*