33653. FORTUNE BRIDGE COMPANY v. DEPARTMENT OF TRANSPORTATION.

MARSHALL, Justice.

We granted certiorari in this case because of an apparent conflict with the decision of this court in *Southeastern Land Fund, Inc. v. Real Estate World, Inc.,* 237 Ga. 227 (227 SE2d 340) (1976). The common question for decision is whether the contract in each case is subject to the interpretation that the nonbreaching party has

retained the right to sue for actual damages, as well as liquidated damages, thereby rendering the purported liquidated-damage provision void as a penalty.

The contract under consideration in *Southeastern Land Fund, Inc.,* supra, was a real estate sales contract. The contract provided that upon default by the purchaser, the seller could retain the earnest money ($5,000) as partial liquidated damages and could collect on a note (principal sum in the amount of $45,000) as further partial liquidated damages. In addition, the clause allowed the seller "to pursue any and all remedies available to him at law or equity including, but not limited to, an action for specific performance." The court in *Southeastern Land Fund, Inc.,* supra, held that the language of the contract was ambiguous as to whether the parties intended to liquidate their damages by an agreement binding on both of them, thereby fixing both the maximum as well as the minimum sum that can be collected in the event of the specified breach; or whether, instead, the damages referred to in their contract as liquidated damages were not intended to be the sole damages remedy for the specified breach. Therefore, not having been able to ascertain from the contract whether the parties intended to provide for enforceable liquidated damages or, instead, for an unenforceable penalty, this court applied the following rule of construction: "[I]n cases of doubt the courts favor the construction which holds the stipulated sum to be a penalty, and limits the recovery to the amount of damage actually shown, rather than a liquidation of the damages." *Mayor &c. of Brunswick v. Aetna Indem. Co.,* 4 Ga. App. 722, 728 (62 SE 475) (1908). Accordingly, the purported liquidated-damage provision was held to be unenforceable.

In the present case, Supplemental Specification 8.08 of the standard highway construction contract documents used by the Department of Transportation declares time to be an essential element of the contract. It provides for a schedule of daily charges to be assessed against the contractor in case the contractor fails to complete the work within the time stipulated in the contract. It declares the amount of such charges to be fixed liquidated damages. It also declares that, "These fixed liquidated

damages are not established as a penalty but are calculated and agreed upon in advance by the Department and the contractor due to the uncertainty and impossibility of making a determination as to the actual and consequential damages incurred by the Department, the State and the general public as a result of the failure on the part of the Contractor to complete the work on time." However, the contract further provided that, "The liquidated damages referred to herein are intended to be and are cumulative and shall be in addition to every other remedy now or hereafter enforceable at law, in equity, by statute, or under the Contract."

We think that this case is correctly resolved by applying the rule that parties competent to contract may agree that certain elements of damages difficult to estimate shall be covered by a provision for liquidated damages and that other elements shall be ascertained in the usual manner. J. E. Hathaway & Co. v. United States, 249 U. S. 460, 464 (39 SC 346, 63 LE 707) (1918).

In our opinion, this is precisely what Supplemental Specification 8.08 accomplishes. Due to the impossibility of determining the actual and consequential damages resulting from the contractor's failure to complete the work on time, the parties have liquidated damages for this particular breach of the contract. However, the Department of Transportation has retained its other remedies, that is, remedies for other breaches of the contract. We, therefore, find *Southeastern Land Fund, Inc.,* supra, to be distinguishable.

Thus, the department and the contractor have liquidated the damages for the contractor's failure to complete the construction projects in a timely fashion, thereby fixing both the maximum as well as the minimum sum that can be collected for this particular breach of the contract. *Mayor &c. of Brunswick v. Aetna Idem. Co.,* 4 Ga. App. 722, 727, supra. There may be certain items of actual damage which the department could have sued for had the parties not liquidated damages for this breach of contract. However, the idea that the department may have attempted to retain the right to sue for consequential damages is effectively dispelled because such damages flowing from the

534

contractor's failure to complete the roadway and bridges in a timely fashion are, as a practical matter, incapable of proof.

The contract under consideration in this case is a public works contract. Liquidated damages provisions in public works contracts are not looked upon with disfavor. Priebe & Sons v. United States, 332 U. S. 407 (68 SC 123, 92 LE 32) (1947). See also 5 Williston on Contracts, § 785, p. 733 (3d Ed. 1961). In fact, in many jurisdictions the governing law requires contracts for public work to contain stipulations for liquidated damages for delay. See Maryland Dredging &c. Co. v. United States, 241 U. S. 184 (36 SC 545, 60 LE 945) (1916); United States v. Wegematic Corp., 360 F2d 674 (2d Cir. 1966); Dave Gustafson & Co. v. State, 83 S. D. 160 (156 NW2d 185) (1968). "The result of the modern decisions is that in such cases courts will endeavor, by a construction of the agreement which the parties have made, to ascertain what their intention was when they inserted such a stipulation for payment of a designated sum, or upon a designated basis, for a breach of a covenant of their contract, precisely as the courts seek for the intention of the parties in other respects. When that intention is clearly ascertainable from the writing, effect will be given to the provision as freely as to any other, where the damages are uncertain in nature or amount, or are difficult of ascertainment, or where the amount stipulated for is not so extravagant or disproportionate to the amount of property loss as to show that compensation was not the object aimed at, or as to imply fraud, mistake, circumvention, or oppression." 64 AmJur2d 997, Public Works and Contracts, § 127.

The judgment of the Court of Appeals, which holds the liquidated-damages provision in this contract to be valid and enforceable, is accordingly affirmed.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., who concurs in the judgment only, and Nichols, C. J., and Hill, J., who dissent.*

ARGUED JUNE 19, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 21, 1978.

*Phillips, Hart & Mozley, Albert E. Phillips, George C. Reed,* for appellant.

*Arthur K. Bolton, Attorney General, Roland F. Matson, Assistant Attorney General,* for appellee.

NICHOLS, Chief Justice, dissenting.

I dissent from the majority opinion upholding the liquidated damages clause because the majority ignores and fails to apply the fundamental rule of construction which requires that an ambiguous provision of a contract be construed against the party who wrote the contract. *McBurney v. McIntyre,* 38 Ga. 261 (1868). "Here the defendant State Highway Department of Georgia as a scrivener of the contract must receive an unfavorable construction with regard to all ambiguities." *Southeastern Hwy. Contracting Co. v. State Hwy. Dept.,* 130 Ga. App. 160, 165 (202 SE2d 520) (1973).

The liquidated damages clause in issue recites, in pertinent part, that "the liquidated damages referred to herein are intended to be and are cumulative and shall be in addition to every other remedy now or hereafter enforceable at law, in equity, by statute, or under the contract." Cumulative of what? Cumulative of all damages *including* actual damages for breach of the covenants of the contract as to time? Or, instead, cumulative of all damages *except* actual damages for breach of the covenants of the contract as to time? The majority opts for the latter view, thereby construing the clause in accordance with the wishes of the department and against the views of the contractor. The majority reaches that conclusion while citing cases holding that when the parties' intention as to liquidated damages is "clearly ascertainable from the writing," their clearly expressed intention will be given effect.

Where, may I ask, is the intention of the parties regarding the meaning of the word "cumulative" clearly stated in their contract? It is not in the contract clause quoted above. It is not in any other language excerpted from the contract and set forth in the majority opinion. The majority reaches its conclusion, I submit, not from any clearly expressed intent of the parties but by

construing the above-quoted, ambiguous provision in favor of its author, a rule of construction heretofore unknown to the laws of this state.

I am authorized to state that Justice Hill joins in this dissent.