57351. JOHNSON v. M. B. LOGAN & SONS, INC.

SHULMAN, Judge.

Plaintiff-appellant brought suit to recover damages for the alleged defective and improper construction of a swimming pool at his residence. Appellee-defendant

asserted an accord and satisfaction as an affirmative defense to plaintiff's claims. The trial court sustained this defense on motion for summary judgment and dismissed plaintiff's complaint with prejudice. On appeal, we reverse.

1. Two letters written by plaintiff-appellant to defendant-appellee form the basis of appellant's accord and satisfaction defense. In the first letter, appellant expressed his dissatisfaction with the appellee's performance, outlined alleged construction deficiencies, including deficiencies in the deck (which, according to appellant, "only vaguely [resembled] the desired and promised result pictured in the pre-construction literature") and claimed certain contract and property damages. The letter contained the following proposal: "I [appellant] propose that you [appellee] clean the pool of the debris . . . and reroute the backwash . . . whereupon I will give you a check in the amount of $3,000.00 [a sum less than the balance remaining due under the contract between appellant and appellee], *the difference to compensate for the deck, regrading and loss of trees, and delays created by lack of supervision of the project.*" (Emphasis supplied.) In a subsequent letter, appellant referred to the prior letter and reiterated two complaints concerning the pool deck and water level. The letter closed with the following: "Because of construction delays and inadequacies, your costs were high and I have had a frustrating, unsatisfactory performance out of your firm. *Let us settle the matter once and for all.* I will immediately pay you $3,500.00 additional to what I have previously paid you, if you will clean the pool, removing the accumulated concrete in the bottom, and readying it for swimming this week. These actions on both our parts will constitute *a culmination and finalization of our contract.*" (Emphasis supplied.)

Appellee accepted appellant's offer, performed according to the conditions of the offer, and now seeks the benefit of that bargain. It is the scope of the benefit conferred by this agreement which was before the trial court and forms the subject of this appeal. We conclude that it would be inappropriate to hold as a matter of law that the agreement evidenced by the letters was in

compromise settlement of any and all of appellant's claims arising out of the construction of the pool.

A. As to those matters specifically referred to in the letters (i.e., the deck not resembling the desired and promised result pictured in pre-construction literature; loss of trees; construction delays; and regrading the backyard), for which appellant paid less than the agreed contract price, an accord and satisfaction existed as a matter of law. See, e.g., *Wise &c. Assoc., Inc. v. Rosser White &c., Inc.*, 146 Ga. App. 789 (9) (247 SE2d 479).

B. We refuse to hold as a matter of law, however, that the subject matter of the accord and satisfaction included all claims for breach of warranty under the original contract and thereby constituted an absolute defense to the instant action.

Although the construction of an ambiguous contract is the duty of the court and no jury question is raised unless the ambiguity remains after application of the pertinent rules of construction (see, e.g., *Southeastern Hwy. Contracting Co. v. State Hwy. Dept.*, 130 Ga. App. 160 (202 SE2d 520)), in this case the subject matter of the accord and satisfaction is properly a question for the jury. The letters referred to specific claims. The letters also contained broad language inviting appellee to "settle the matter once and for all" by accepting the terms of an offer which would "constitute a culmination and finalization of [the] contract." This court cannot say that "the matter" to be settled once and for all was more encompassing than those claims specifically enumerated (see Division 1A of this opinion) and included every and all claims arising out of the construction of the swimming pool. Nor can this court determine whether the "culmination and finalization" of the contract was intended to refer to the satisfactory completion of performance by both sides which activated the warranty period or to refer to a complete satisfaction and termination of contractual obligations by reason of an accord and satisfaction. See, e.g.,*Faircloth v. Plastic Clad Corp.*, 139 Ga. App. 444 (228 SE2d 397), where the scope of an agreement which "finalized [an] arrangement concerning the subject" (id., p. 444) was held to be a jury question. Accord, *Scott v. Imperial Hotel Co.*, 75 Ga. App. 91 (1, 2) (42 SE2d 179),

where the scope of a check given in final settlement of "every claim" was left for jury resolution. Consequently, parol evidence was admissible to explain the scope of the subject matter included in the accord and satisfaction (*State Farm Fire &c. Co. v. Fordham,* 148 Ga. App. 48 (2) (250 SE2d 843); *Warner Robins Supply Co. v. Malone,* 143 Ga. App. 332, 335 (238 SE2d 709)), and the court erred in resolving the issue as a matter of law.

2. As we are reversing the judgment of the trial court, we need not consider other grounds for reversal advanced by appellant.

*Judgment reversed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED MARCH 7, 1979 — DECIDED JULY 12, 1979.

*David W. Griffeth,* for appellant.
*Kenyon, Hulsey & Oliver, J. D. Smith, Jr.,* for appellee.