**James E. MYERS, Plaintiff-Appellant,**

**v.**

**AMERICAN FINANCE SYSTEM OF DECATUR, INC.,**
**Defendant-Appellee.**

**No. 78–3332**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 11, 1980.

Joseph H. King, Jr., Atlanta, Ga., for plaintiff-appellant.

Hansell, Post, Brandon & Dorsey, Paul Oliver, W. Rhett Tanner, Atlanta, Ga., for defendant-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

GODBOLD, Circuit Judge:

Myers entered into a loan transaction with American Finance in 1975. American Finance retained title to Myers' automobile as security for the loan. Myers filed this action under the Truth in Lending Act[1] in February 1976 and moved for summary judgment in November 1976. Subsequently American Finance moved for summary judgment, asserting that there had been an accord and satisfaction between it and Myers that had extinguished Myers' TIL claim. Myers contended that he had been fraudulently induced to sign the alleged accord and satisfaction. The district court granted summary judgment for American Finance. It rejected Myers' assertion of

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. 15 U.S.C. § 1601–14 (1976).

fraudulent inducement and held that the TIL claim was barred because the written accord and satisfaction unambiguously said that "all claims" between the parties were covered by it. We reverse and remand for further proceedings.

In August 1977 the automobile was wrecked by a third party whose insurer tendered to Myers a check for about $900 payable both to Myers and American Finance. The balance on Myers' note was then $976.21. Myers went to American Finance, and, pursuant to discussions with its employee, endorsed the check and delivered it to American Finance, paid American Finance an additional $10 that it told him was necessary, and signed a document drawn by the American Finance employee that read as follows:

> In consideration for transfer to me of the Certificate of Title on the 1972 Pinto, Serial number 2T12X313418 and other considerations, and payment by me of $10.00 and other considerations this is an accord and satisfaction of all claims mutually between me, James E. Myers and American Finance of Georgia, Inc., 117 E. Court Sq., Decatur, Ga.

American Finance did not sign this document, or anything else purporting to be an agreement between it and Myers.

In considering the cross-motions for summary judgment, the district court had before it Myers' affidavit which stated that during the negotiations we have described American Finance did not mention, and he was not thinking about, his TIL claim, and that he did not realize that the TIL claim was still pending. Because it had not occurred to him that the court might not have ruled on his claim within a year and a half, he assumed that he had lost the case. He stated further that he thought American Finance would have told him that the lawsuit had not been resolved, and that he would not have signed the document had he been so informed. Also before the court was the affidavit of the American Finance employee. It said (*inter alia*):

> We agreed to settle with him for $900. I explained to Mr. Myers that we would settle the balance and "all claims both him against us and us against him" for $900. He agreed and signed the title and check.

The district court held that it could consider parol evidence on Myers' claim that he had been induced by fraud to sign the document, and also, regardless of the document's lack of ambiguity, could consider parol evidence to ascertain the intentions of the parties. With respect to the fraud issue, the court held that Myers did nothing to protect himself, and should have asked American Finance or his attorney about the TIL claim, and having remained silent he could not complain. Myers does not question this ruling.

Thus, with fraud out of the way, we must consider what the parties agreed to. Despite its earlier reference to looking off the face of the instrument to determine the intention of the parties, the court did not do this. Rather it found the document unambiguous because of the phrase "all claims." This was error.

■ On its face, all that the document tells us is that Myers acknowledges that he receives transfer to him of certificate of title to the automobile, plus other considerations, and that American Finance receives $10 and other considerations, and that the document is an accord and satisfaction of all claims mutually between him and American Finance. Georgia Stat.Ann. § 20–1201 defines an accord and satisfaction as:

> Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract.

Without going off the face of the document it is not possible to determine whether it meets these statutory requirements. It was not executed by American Finance. Only by looking at external circumstances can it

be determined whether American Finance assented to the document's recital that an accord and satisfaction has been made. Once one goes off the face of the instrument all facts and circumstances must be considered.

From the parol evidence we know that American Finance obtained the delivery to it of the check payable jointly to it and Myers, endorsed by Myers. Presumably, under the security agreement made by Myers, American Finance was entitled to the check, but in the circumstances it might have had difficulty obtaining either possession of the check or Myers' endorsement without reaching some agreement with him. From the parol evidence, we also learn that American Finance could have applied the check to Myers' debt, leaving him still owing $79.21. Or, of course, American Finance could have accepted the check as an agreed upon lesser amount that discharged Myers' obligation in full; its position is that it did so. But the parol evidence does not tell us that the note has been canceled (and, as already pointed out, the document does not obligate American Finance to cancel the note, or to do anything else).

In short, it is only after going off the face of the instrument that one can get this document even arguably within the rubric of an accord and satisfaction. Once off the face of the document, many more facts come into consideration: the $900 and securing Myers' endorsement in order to obtain this money, the $79.21 balance, the continued liability or the nonliability of Myers on the note, and what is meant by "all claims."

Under Georgia law there must be meeting of minds as to the subject matter embraced in an accord and satisfaction, and parol evidence is admissible to show the scope of the agreement. *State Farm Fire & Casualty Co. v. Fordham*, 148 Ga.App. 48, 250 S.E.2d 843, 846–47 (1978); *cf. Johnson v. M. B. Logan & Sons, Inc.*, 150 Ga.App. 683, 258 S.E.2d 316, 317–18 (1979). Under Myers' affidavits he thought "all claims" only referred to the one claim that he con-

sidered to be viable, American Finance's claim against him. In his affidavit, the American Finance employee says that he explained that the settlement was "all claims both him against us and us against him." It seems to us there is an issue, inappropriate for summary judgment, concerning exactly what the American Finance employee said to Myers; at least impliedly Myers' affidavit rejects that the employee made the statement "all claims both him against us and us against him." If the employee did make such a statement, there remains a question whether, under Georgia law, there was a meeting of the minds as to the subject matter. Because of the ground on which the district court based its decision, it has never considered this question.

REVERSED and REMANDED.