THE MACON AND BRUNSWICK RAILROAD *vs.* WASH-
INGTON.

W. filed his declaration in the county court, alleging that E., as super-
intendent and general manager of the Macon and Brunswick Rail-
road, and the Macon and Brunswick Railroad, had damaged him
the sum of eighty dollars, by reason of one of the railroad trains
running over certain cows.   The declaration closed with a prayer
for process against E., as superintendent, and the railroad company.
Service was perfected on the company, but not on E.   Judgment
was rendered for the plaintiff, and the company appealed :

*Held*, that the company was a party to the suit, and had a right to ap-
peal, whether the other party did so or not, and a dismissal of such
appeal, on motion, for want of proper parties thereto, was error.
Code, §3619.

January 16, 1883.

HALL, Justice.

---

NEWMAN *vs.* WOLFSON.

Whether a sum agreed upon by parties to a contract as the measure
of damages shall be considered as liquidated damages or only as a
penalty, will depend upon the intent of the parties and the peculiar
circumstances of the subject-matter of the contract.   If the damages
must necessarily be wholly uncertain and incapable of estimation,
the party failing to perform will be held to pay the amount as liqui-
dated damages. ' 22 Wend., 201 ; 101 Mass., 334 ; 97 *Ib.*, 445 ; 13
Gray, 42 ; 58 *Ga.*, 567 ; Code §§2940, 2941.

(*a.*) The keeper of a saloon in the city of Columbus, by written con-
tract, for the sum of $1,456.15, sold his stock of goods, bar-room
fixtures, etc., together with the good will of the business, to another,
and covenanted not to engage in the same or a like business in that
city for a period of five years, and the vendor bound himself to the
purchaser, " his executors, etc., in the sum of two thousand dollars
as liquidated damages for the faithful performance of this his
promise. "   The vendor opened a bar-room shortly afterwards in
the city :

*Held*, that the amount stated in the contract is to be taken as liqui-
dated damages, and not as a mere penalty ; nor is the contract un-
reasonable.

October 17, 1882.

SPEER, Justice.