23654.   SHEPARD v. BOZEMAN, Warden.

SUBMITTED SEPTEMBER 12, 1966—DECIDED OCTOBER 6, 1966.

*John Henry Poole,* for appellant.

*Robert B. Williamson, W. J. Crowe,* for appellee.

ALMAND, Justice. Lee Gordon Shepard brought his petition against T. G. Bozeman, as Warden of the Worth County Public

Works Camp of the State Pentitentiary, alleging that he was being restrained of his liberty and prayed for the issuance of the writ of habeas corpus.

Petitioner claimed that his restraint is under a purported sentence imposed upon him in the Superior Court of Brooks County on February 26, 1966. A copy of the sentence which was attached to the petition is as follows: "Georgia, Brooks County; The State vs. Lee Gordon Shepard; charge felony; in the superior court of said county; November term, 1965, No. . . . (plea); minimum term 3 years; maximum term 3 years. Whereupon, it is ordered and adjudged by the court that the defendant, Lee Gordon Shepard be taken from the bar of this court to the jail of Brooks County, and be there safely kept until a sufficient guard is sent for him from the Georgia Penitentiary, and be then delivered to, and be by said guard taken to said Penitentiary, or to such other place as the Director of Corrections may direct, where he, the said defendant be confined at labor for the full term of not less than three, and not more than three, to be computed according to law. By the court. February 26, 1966. Bob Humphreys, Solicitor General /s/ Geo. R. Lilly, Judge, Superior Court, Presiding."

It was alleged that the failure to state the time of service in the sentence rendered the sentence void, and the petitioner was entitled to his discharge from further service.

The general demurrer of the defendant warden was sustained, and the prisoner appeals, assigning error upon this order.

The sole question is whether the sentence is either wholly void or legal and the detention lawful. The appellant plead guilty to the accusation that he had abandoned his three minor children. The punishment provided by law for the commission of this offense is imprisonment in the penitentiary for not less than one and not more than three years. Ga. L. 1965, p. 197 (*Code Ann.* § 74-9902). Only felony prisoners serve their sentences in the State Penitentiary. The sentence in the instant case was in the State Penitentiary or such other place as the Director of Corrections might direct. While the concluding part of the court order states that "the said defendant be confined at labor for the full term of not less than three, and not

more than three, to be computed according to law," the words in the formal part of the sentence to wit, "Plea—minimum term 3 years; maximum term 3 years" must be construed as fixing a minimum and maximum term of three years. "A sentence must be construed as any other judgment and the usual canons of construction should be applied. It must be reasonably construed in accordance with the intent of the trial court if the language discloses such intent clearly and without doubt or obscurity. The language should be given its ordinary meaning and should be construed to give effect to the intention of the judge who imposed it if possible. The language employed by a sentencing judge, whether of an explosive or non-explosive nature, should be construed in the same manner as language used by others who have judicial responsibilities; but the language used by the trial judge is unimportant if the purpose and intent in pronouncing sentence is clear. The judgment or sentence must be construed in its entirety." 24 CJS 579, Criminal Law, § 1585. .

The entire judgment imposing a sentence must be considered in construing a sentence rather than any particular word. Hode v. Sanford, 101 F2d 290. A sentence should disclose on its face with fair certainty the intent of the sentencing court, but the elimination of every conceivable doubt is not a requisite to its validity. .Lovett v. U. S., 163 F2d 993. See also *Long v. Stanley,* 200 Ga. 239 (36 SE2d 785).

It was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*