## 75718. PRIME BUSINESS INVESTMENTS, INC. v. PEACOCK et al.
### (364 SE2d 106)

DEEN, Presiding Judge.

On February 18, 1985, the appellant, Prime Business Investments, Inc. (PBI), entered a listing agreement with the appellee, Southern Building Services, Inc. (Southern), which gave PBI the exclusive right to sell the appellee's business for a six-month period. On March 20, 1985, Raymond Peacock, as president of Southern, notified PBI that he had decided to withdraw the offer to sell the business. PBI subsequently commenced this action against Peacock and Southern, seeking to recover $34,000 (the full commission that would have been due had the business been sold). This appeal follows from the trial court's grant of summary judgment for the appellees. *Held*:

1. The listing agreement provided that Southern would pay PBI 12 percent of the proposed total purchase price ($248,000) if Southern withdrew the business from the market or terminated the listing agreement prior to the expiration of the listing period. In contesting liability under that clause, the appellees contended that that clause was unenforceable as a penalty, rather than a valid liquidated damages clause.

"We note a marked custom among the judges who have had occasion to deal with the question as to whether a sum so named is a penalty or liquidated damages, to begin the discussion with some statement to the effect that the construction of such contracts presents a question of most vexing and perplexing nature; and in conformity to the custom we may as well make the same remark." *Mayor of Brunswick v. Aetna Indem. Co.*, 4 Ga. App. 722, 726 (62 SE 475) (1908). When all the vexation and perplexion settles, however, it appears that the contract in this case did provide for a penalty, and not valid, liquidated damages.

Where the amount agreed to be paid as liquidated damages has no reasonable relation to any probable actual damage resulting from the termination of the contract, the contract provision for such damages will be construed as an unenforceable penalty. *Gibson v. Sheriff*, 155 Ga. App. 578 (271 SE2d 710) (1980); *Miazza v. Western Union*

*Tel. Co.*, 50 Ga. App. 521 (178 SE 764) (1935). In the instant case, the listing agreement provision requiring payment of the entire commission, should Southern change its mind about selling the business and terminate the listing agreement, is manifestly unreasonable, as it allows for no proportion between the probable actual damage and the amount of damages to be paid.

2. The listing agreement also provided that the 12 percent commission would be due if PBI procured a purchaser ready, willing, and able to purchase the business on Southern's terms. PBI claimed that it had procured such a purchaser prior to Southern's termination of the listing agreement, and that the sale had not been consummated only because of Southern's withdrawal of the business for sale. See *Steinemann v. Vaughn & Co.*, 169 Ga. App. 573 (313 SE2d 701) (1984). Southern did not specifically rebut this basis for recovery, but presented evidence of an agreement between PBI and Southern for a mutual rescission of the listing agreement altogether, except that Southern would remain liable for the commission should it eventually sell the business to one of the prospective purchasers found by PBI prior to the termination of the listing. PBI's president, however, denied making such an agreement. Because of this conflict in the evidence concerning rescission of the listing agreement, summary judgment for the appellees was inappropriate.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED DECEMBER 4, 1987 —
REHEARING DENIED DECEMBER 17, 1987.

*Thomas W. Tobin, Valerie G. Tobin*, for appellant.
*Rickman P. Brown*, for appellees.