### 77715. DANIELS et al. v. JOHNSON et al.
(381 SE2d 87)

BEASLEY, Judge.

This appeal involves a broken real estate construction and sale contract. Defendant Johnson agreed to sell plaintiff Daniels a completed house including a lot for $275,000. As part of the consideration the contract provided: "$26,500 shall be advanced to Seller by Purchaser to be used in construction of the house and shall be non-refundable. Broker shall have no responsibilities for this advancement to Seller, which shall be credited by Seller to Purchaser at closing." As a result of a dispute between the parties as to whether the house was being constructed in conformity to the contract, there was no closing, and the house was subsequently sold by Johnson to another purchaser.

Daniels sued to recover the $26,500 advanced to Johnson, as well as damages for unjust enrichment and for bad faith on Johnson's part. Johnson answered and counterclaimed for damages, claiming that Daniels breached the contract and that she and one Brack conspired to slander the property title by causing a materialman's lien to be placed on it. Brack sued Johnson on the lien and Johnson counterclaimed for slander of title against Brack.

The suits were consolidated for trial and the jury returned a verdict for defendant seller Johnson as to the $26,500 plus $5,000 damages for Johnson against Brack. Both plaintiffs filed a joint alternative motion requesting a judgment notwithstanding the verdict or a new trial. The motion was denied, and both plaintiffs appealed.

1. Daniels contends that the $26,500 was a penalty rather than

liquidated damages as found by the jury. OCGA § 13-6-7 provides: "If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated, and unless the agreement violates some principle of law, the parties are bound thereby." Daniels had the burden of showing that the provision was a penalty. *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222) (1989).

"[T]he enforceability of a liquidated-damages provision in a contract is a question of law for the court." *Liberty Life Ins. Co.*, supra. Construing the code section, formerly 1910 Civil Code § 4390, in *National Mfg. &c. Corp. v. Dekle*, 48 Ga. App 515, 522 (173 SE 408) (1933), this court observed: "The question as to whether an amount provided in a contract to be paid in case of its breach is liquidated damages or a penalty is often difficult of determination; but the cardinal tests are the intention of the parties and the reasonableness or unreasonableness of the amount fixed, according to the certainty and ease or the difficulty in ascertainment of the actual damages, and according to the similarity or disproportion between the amount provided and the actual or probable loss." See *Heard v. Dooly County*, 101 Ga. 619, 626 (28 SE 986) (1897); *Sanders & Ables v. Carter*, 91 Ga. 450, 452 (17 SE 345) (1893).

A more recent decision by the Supreme Court, *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976), has crystallized a three-part measurement. "First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss." *Liberty Life Co.*, supra, fn. 1; *Gibson v. Sheriff*, 155 Ga. App. 578 (271 SE2d 710) (1980). The provision in a contract will be treated as enforceable liquidated damages rather than an unenforceable penalty only if all three of the factors are present. *Broadcast Corp. of Ga. v. Subscription Television of Greater Atlanta*, 177 Ga. App. 199 (338 SE2d 775) (1985). "[I]n cases of doubt the courts favor the construction which holds the stipulated sum to be a penalty." *Mayor of Brunswick v. Aetna Indem. Co.*, 4 Ga. App. 722, 728 (62 SE 475) (1908). Accord *Fortune Bridge Co. v. Dept. of Transp.*, 242 Ga. 531, 532 (250 SE2d 401) (1978); *Thorne v. Lee Timber Prods.*, 158 Ga. App. 226, 227 (279 SE2d 521) (1981). And "[w]here a designated sum is inserted into a contract for the purpose of deterring one or both of the parties from breaching it, it is [a] penalty." *Florence Wagon Works v. Salmon*, 8 Ga. App. 197 (2) (68 SE 866) (1910). Accord *Fortune Bridge Co.*, supra; *Broadcast Corp. of Ga.*, supra.

If the damages resulting from the agreement's breach were evidently the subject of calculation and adjustment between the parties

in advance, and a reasonable and certain sum was agreed on which was intended as compensation, it will be considered liquidated damages. *Sanders & Ables*, supra at 453. "[W]here the amount plainly has no reasonable relation to any probable actual damage which may follow a breach," the contractual provision will be construed as an unenforceable penalty. *Miazza v. Western Union Tel. Co.*, 50 Ga. App. 521, 522 (1) (178 SE 764) (1935); *Prime Business Investments v. Peacock*, 185 Ga. App. 396 (1) (364 SE2d 106) (1987).

Johnson contends that the contractual damages are hard to show and that the amount of $26,500 fairly closely corresponds with the actual costs he had in eventually selling the house. Be that as it may, the money was advanced to seller for the purpose of his construction costs and was so used, we assume, with a no-refund proviso. The designated figure was not shown to have a reasonable pre-determined relation to the contractual damages the seller might suffer in the event the sale did not close. It would be " 'in some instances, too large and in others too small a compensation for the injury . . . occasioned.' " *Mayor of Brunswick*, supra at 727. See *Floding v. Floding*, 137 Ga. 531, 536 (73 SE 729) (1911); *Dekle*, supra.

There is no language in the contract showing that the parties intended this amount to be liquidated damages rather than a penalty. Of course, while the words used in the provision are by no means conclusive, *Sanders & Ables*, supra at 453, they are a critical factor in determining the intent of the parties. *Liberty Life Ins. Co.*, supra.

Defendant answered "no" to the question if the figure of $26,500 was "a pre-estimate by you of what your damages would be if she backed out of the contract?" He then attempted to explain that the figure was based on damages he would sustain by stating: "It's based on what we ask is non-refundable monies to be paid to sign the contract and to take our house off the market. We couldn't sell the house to anybody else." The rule is well established that: "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague or equivocal . . . . And he 'is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him.' " *Southern R. Co. v. Hobbs*, 121 Ga. 428 (1) (49 SE 294) (1904). Johnson's testimony negates the presence of any intent by the parties to liquidate the damages and any agreement as to what a reasonable sum would be. As held in *ADP-Fin. Computer Svcs. v. First Nat. Bank*, 703 F2d 1261 (11th Cir. 1983), there must be some manifestation of the parties' intent to agree on liquidated damages.

It is clear that the parties did not make a bona fide effort "to liquidate in advance and agree upon the sum which should represent the damages which would be actually sustained in event of a breach."

*Florence Wagon Works*, supra at 197 (2). In *Liberty Life Ins. Co.*, supra, there was undisputed testimony that the amount set aside as liquidated damages was an accepted pre-estimate of damages. Here, on the other hand, the amount chosen was not denominated or otherwise intended by the parties as liquidated damages and its was not shown that the parties intended the amount as a reasonable pre-estimate of the probable loss. Thus, Johnson as seller may not prevail under the tripartite test.

Because the money found by the jury is liquidated damages was a penalty, the judgment in favor of the seller against the buyer must be reversed. But since the trial court did not permit seller to establish his actual damages, see *Southeastern Land Fund*, supra at 232, a new trial must be afforded. OCGA § 9-11-50 (e); *Greene v. Johnson*, 170 Ga. App. 760, 762 (318 SE2d 205) (1984); *Roland v. Byrd*, 163 Ga. App. 408, 411 (294 SE2d 626) (1982).

2. "The owner of any estate in lands may maintain an action for libelous or slanderous words falsely and maliciously impugning his title, if any damage has accrued to him therefrom. Civil Code (1910), § 4479 [now OCGA § 51-9-11]. In order to sustain an action of this kind, the plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; *that he sustained special damage thereby*; and that he possessed an estate in the property slandered." (Emphasis supplied.) *Schoen v. Md. Cas. Co.*, 147 Ga. 151, 153 (93 SE 82) (1917); *Copeland v. Carpenter*, 203 Ga. 18, 19 (1) (45 SE2d 197) (1947). See Anno., 4 ALR4th 532. Filing a false lien constitutes impugning title to property. *Lincoln Log &c. Marketing v. Holbrook*, 163 Ga. App. 592, 594 (2) (295 SE2d 567) (1982).

Johnson testified that filing the lien "hurt us. It made us look bad with the banks and the closing attorneys and we had to pay for title policies and we had to bond over that. A lien to me is a bad thing and we are asking for damages on that of $5,000." He answered that he did not think there were any other damages he was asking for. There is no stated basis for the $5,000 and Johnson has therefore failed to establish an essential element of his case. OCGA § 51-12-2 (b); *Development Corp. of Ga. v. Berndt*, 131 Ga. App. 277, 278 (205 SE2d 868) (1974); *Studebaker Corp. v. Nail*, 82 Ga. App. 779, 785 (2) (62 SE2d 198) (1950); *National Refrigerator &c. Co. v. Parmalee*, 9 Ga. App. 725 (1) (72 SE 191) (1911). Because of insufficient evidence of damages, Johnson's judgment against Brack must also be reversed.

The judgment in favor of defendant as against both plaintiffs is reversed with direction that judgment be entered for Brack and that a new trial be granted as to the claim of Daniels.

*Judgment reversed with direction. Banke, P. J., and Birdsong, J., concur.*

DECIDED MARCH 13, 1989 —
REHEARING DENIED MARCH 28, 1989 — 

*William A. Wehunt,* for appellants.
*Dailey & Groover, Lewis M. Groover, Jr.,* for appellees.