A90A1816, A90A1817. ALEXANDER v. STEINING et al.; and vice versa.

(398 SE2d 390)

BIRDSONG, Judge.

Appellant Diane Alexander appeals from the order of the state court granting judgment on behalf of appellant in a non-jury suit for breach .of contract of a lease-purchase agreement, consisting of two documents — a lease and a sales agreement — which incorporated each other by reference. Appellees, Henry and Sally Steining, cross-appeal from the portion of the judgment which directed defendants to pay $1,200 as increased rent as month-to-month tenants.

The judgment pertinently provides, "the court enters judgment as follows: [Appellant/] Plaintiff is entitled to retain the $2,500.00 earnest money deposit as liquidated damages and [appellees/d]efendants owe [p]laintiff $1,200.00 representing increased rent for the period of February 1, 1989 through July 31, 1989. Wherefore it is ORDERED that [p]laintiff have and recover judgment against [d]efendants in the amount of $1,200.00 plus costs of this action." *Held*:

## I. Case No. A90A1816

1. Appellees move to dismiss this direct appeal on the grounds that judgment in this case is $2,500 or less thereby necessitating a timely application for discretionary appeal (OCGA § 5-6-35 (a) (6)).

During the course of announcing his finding, the trial judge and appellant's counsel engaged in the .following colloquy: "[APPELLANT'S COUNSEL]: And the judgment is $1200 . . . for the plaintiff? THE COURT: That's correct. Of course, since the counterclaim has been dismissed, the $2500 is not at issue. [APPELLANT'S COUNSEL]: Correct. It is $1200. THE COURT: *In effect, it's $2500 plus $1200.* You get to keep the $2500." (Emphasis supplied.)

We find this judgment subject to direct appeal under the provisions of OCGA § 5-6-34 (a). "Judgments are to have a reasonable intendment." 18 EGL (1981 Rev.), Judgments & Decrees, § 109. Thus, judgments must be reasonably construed in accordance with the intent of the trial court if the language discloses such intent clearly and without doubt or obscurity; judgment must be construed to give effect to intention of the judge who entered it if possible. See *Watts v. State*, 141 Ga. App. 127, 132 (7) (232 SE2d 590). A judgment must be construed in its entirety, rather than merely placing undue emphasis on any particular word therein. See *Shepard v. Bozeman*, 222 Ga. 585, 587 (151 SE2d 147); *Watts*, supra at 132. And, "[w]here a judgment is susceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective, and conclusive, and which makes the judgment harmonize with the facts and law of the

case and be such as ought to have been rendered." 18 EGL, supra at § 109. When construed in its entirety and given reasonable intendment, the judgment entered is in an amount in excess of $2,500, and accordingly subject to direct appeal. OCGA § 5-6-34 (a). Appellees' motion is denied.

2. Appellant Alexander asserts, inter alia, that the lower court erred in adjudging that the $2,500 earnest money provision was liquidated damages, and in failing to grant a motion for new trial on this ground.

In an attachment captioned "Addendum 'A' to Lease Agreement," it was provided that: "Purchaser shall deposit with Seller a non-refundable Earnest Money of $2,500.00 *as security for performance* of [p]urchaser's obligations under this [l]ease and the related Agreement for Purchase and Sale of Real Estate. In the event of a default by [p]urchaser under the terms of this lease or the agreement for Purchase and Sale of Real Estate the entire $2,500.00 deposit shall be retained by [s]eller, and [p]urchaser shall have no claim to it. . . ." (Emphasis supplied.)

" 'Depending on the language used in the contract and the intent of the parties, the existence of an earnest money provision in a real estate contract can have one of three effects in the case of a breach by the buyer. First, the money could be considered as partial payment of any actual damages which can be proven as a result of the breach; second, the money could be applied as part payment of the purchase price in the enforcement of the contract in a suit for specific performance [this is not such a suit]; and thirdly, the money could be liquidated damages for breach of the contract by the buyer.' " *Budget-Luxury Inn v. Kamash Enterprises*, 194 Ga. App. 375, 376 (390 SE2d 607). It has long been held that "[i]n determining whether a designated sum that is to be paid to one party in the event that the other breaches the contract is a penalty, we must ascertain whether it was inserted for the purpose of deterring the party from breaching his contract, and of penalizing him in the event he should do so, or whether it was a sum which the parties in good faith agreed upon as representing those damages which would ensue if the contract should be breached." *Florence Wagon Works v. Salmon*, 8 Ga. App. 197, 199 (68 SE 866). And " 'where, to secure the performance of the terms of a contract, there is a stipulation for the payment of a fixed, unvarying sum, upon the breach of any of several promises of varying degrees of importance . . . the sum named will be construed to be a penalty.' " *Florence*, supra at 201. In addition, " '[a] contractual provision requiring payment of a stipulated sum by one of the parties upon termination or cancellation of the contract will be treated as an enforceable liquidated damages provision rather than an unenforceable penalty only if all three of the following factors are present: First, the

injury caused by the breach must be difficult or impossible of accurate estimation; second the parties must intend to provide for damages rather than a penalty; and third, the stipulated sum must be a reasonable pre-estimate of the probable loss resulting from such a breach.'" *Budget-Luxury,* supra at 376; see generally *Southeastern Land Fund v. Real Estate World,* 237 Ga. 227, 230 (227 SE2d 340). We have held that no particular form of words is controlling and the agreement must be examined in its entirety and in light of the circumstances under which it was made. *Florence,* supra at 198. Further, we have held that "whether a provision represents liquidated damages or a penalty does not depend upon the label the parties place on the payment but rather depends on the effect it was intended to have and whether it was reasonable." *Southeastern,* supra at 228. However, in *Oran v. Canada Life Assur. Co.,* 194 Ga. App. 518 (2) (390 SE2d 879), this court opined that "in the recent case of *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.,* 258 Ga. 808, 809 (375 SE2d 222), the Court appears to . . . have held that the label the parties place on the payment is controlling on the issue of their intention." Here, as in *Daniels v. Johnson,* 191 Ga. App. 70, 72 (381 SE2d 87), "[t]here is no language in the contract showing that the parties intended this amount to be liquidated damages rather than a penalty." In *Daniels,* we held, "[o]f course, while the words used in the provision are by no means conclusive, [cit.], they are a critical factor in determining the intent of the parties."

Appellant, however, directs our attention to the editorial note to Ga. Code Ann. § 20-1403 (OCGA § 13-6-3), pertaining to penalties for breach of bonds, which states that "[t]he distinction between a penalty and a provision for liquidated damages is that a penalty is in effect a security for performance, while a provision for liquidated damages is a sum to be paid in lieu of performance." But see *Sanders v. Carney,* 118 Ga. App. 576 (5) (c) (164 SE2d 856) (the agreement did not purport *on its face* to provide a penalty but merely to provide security for the performance of the contract).

Although there is merit to this contention, after examining the contested provision, particularly in light of the contents of the entire lease-purchase agreement, the circumstances surrounding the execution thereof, and the testimony of the parties concerning their intent, we find it is unclear whether the parties intended the designated, unvarying sum to provide for liquidated damages, rather than a penalty.

"As a general rule, the provisions of a contract will be construed against the draftsman, and those of a lease will be construed against the lessor." *Stern's Gallery &c. v. Corporate Property &c.,* 176 Ga. App. 586, 593 (4) (337 SE2d 29). Appellant drafted the contract. However, it is a long-standing *specific rule,* used in resolving disputed liquidated damage provisions issues, that "'[i]n cases of *doubt* the

courts favor the construction which holds the stipulated sum to be a *penalty*, and limits the recovery to the amount of damage actually shown, rather than a liquidation of the damages.' " (Emphasis supplied.) *Fortune &c. Co. v. Dept. of Transp.*, 242 Ga. 531, 532 (250 SE2d 401); *Southeastern Land Fund*, supra at 231; accord *Mayor &c. of Brunswick v. Aetna Indem. Co.*, 4 Ga. App. 722, 728 (62 SE 475). Whenever these two rules of contract construction are in conflict, the specific rule shall take precedence over the general rule, and it is the specific rule that shall be applied. Accordingly, we find the trial court erred in placing undue emphasis upon and applying in its legal construction of the contested provision that "[p]laintiff in this case is a real estate agent-broker. She drafted the contract," and then concluding "as the trier of fact and as a question of law," the clause was a liquidated damage clause notwithstanding the actual wording of the provision.

Moreover, in circumstances where the non-defaulting party is attempting to enforce an alleged liquidated damage provision, "at trial the burden is on the defaulting party to show that the provision is a penalty." *Liberty Life Ins. Co.*, supra at 809, citing 25A CJS, Damages, § 144 (f); compare *Daniels v. Johnson*, 191 Ga. App., supra. In the case sub judice, however, the defaulting appellee is the party attempting to show that the provision was for liquidated damages, and it is the non-breaching appellant who is attempting to rebut this assertion by claiming the provision was one of penalty. Thus, the appellee in effect has asserted a defense of payment of liquidated damages. "[T]he burden is on defendant to prove a defense of payment of liquidated damages." 25A CJS, Damages, § 144 (f). Inherent within the burden of proving this defense is the burden of proving that the provision was in fact for liquidated damages rather than for a penalty. Appellees have failed to carry their burden.

For each of these reasons and also in view of our holding in *Florence Wagon Works*, supra, we conclude that the trial court's finding that the parties intended to execute a liquidated damages provision was clearly erroneous, and that the provision in question was a penalty as a matter of law.

Further, no exception exists that, merely because the non-breaching party happens to make an error in calculating the stipulated sum that ultimately proves beneficial to the breaching party, she is estopped from asserting the invalidity of a penalty provision.

It has been stated that a non-breaching party who has agreed to accept *liquidated damages* cannot elect after a breach to take actual damages should they prove greater than the sum specified; and, the breaching party cannot complain that the actual damages are less than those specified as *liquidated damages. Fickling & Walker Co. v. Giddens Constr. Co.*, 258 Ga. 891, 898 (376 SE2d 655), citing *South-*

*eastern Land Fund,* supra at 230. This, however, is a "rule in the law of liquidated damages [which in pertinent part prohibits] the non-breaching party from recovering actual damages exceeding the *liquidated-damage* sum." (Emphasis supplied.) *Fickling,* supra. It was not intended to create a rule of estoppel prohibiting the non-breaching party from recovering his actual damages merely because an unenforceable *penalty* provision designated a sum therein in a lesser amount.

Thus, the trial court erred by concluding that the provision for a designated sum of $2,500 was an enforceable liquidated damage clause in the lease-purchase agreement, and binding upon the parties as the maximum as well as the minimum sum that could be collected.

## II. Case No. A90A1817

Cross-appellants assert that the trial court erred in ruling that the landlord's letter of November 30, 1988, purporting to increase the monthly rent by $200, effective December 1, 1988, was an ineffective notice of increased rent pursuant to OCGA § 44-7-7.

The parties agree that appellees became tenants at will after failing to surrender the premises at the expiration of the written lease. "One who is a tenant at will by virtue of holding over after the expiration of the term of his lease holds the premises subject to the general terms and conditions specified in the lease, except so far as modified by mutual agreement. [Cit.] Certainly, the general terms and conditions of the lease would include, at a minimum, provisions for rent and repairs by the landlord and tenant." (Citations and punctuation omitted.) *Gully v. Glover,* 190 Ga. App. 238, 240 (2) (378 SE2d 411). But a unilateral notice of rental increase sent to the tenant by the landlord would, in effect, constitute notice of the termination of the $850 per month tenancy and, after termination was effected, a new tenancy at will at the higher rate would be commenced. See *D. Jack Davis Corp. v. Karp,* 175 Ga. App. 482, 484 (333 SE2d 685). We find that the letter announcing a rental increase was at least in substantial compliance with the notice requirements of OCGA § 44-7-7 (OCGA § 1-3-1 (c)); however, as a landlord must give 60 days' notice to terminate a tenancy at will.(OCGA § 44-7-7), the notice would not become effective to terminate the old tenancy at will and to commence the new tenancy, at the increased rental rate, until the 60-day notice period had expired.

Although cross-appellants draw our attention to the fact that the landlord continued to accept rent at the old monthly rate until the tenants ultimately vacated the premises, they neither assert as an enumeration of error nor expressly argue or cite authority in their cross-appellants' brief that such conduct constituted either waiver or estoppel. Accordingly, this issue is abandoned on appeal. Court of Ap-

peals Rule 15 (c). We find cross-appellants' enumeration of error to be without merit.

In view of our holding in Section I, above, that the provision constituted a penalty, judgment is reversed. A new trial is not required as the trial judge allowed appellant to establish his actual damages on the record. Compare *Daniels*, supra at 73. We will remand this case to the trial court for entry of judgment in favor of plaintiff in an amount as to actual damages and attorney fees as established by the record.

*Judgment reversed and cases remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 4, 1990 —
REHEARINGS DENIED OCTOBER 19, 1990 —

*Quinton S. King, Edward C. Stone*, for appellant.

*Allman & Lanner, David E. Allman, Denis R. Griffin*, for appellees.