### A92A1734. ROSWELL PROPERTIES, INC. v. SALLE.
(430 SE2d 404)

BIRDSONG, Presiding Judge.

Roswell Properties, Inc. appeals from a judgment, based upon a jury verdict, in favor of Sarah Salle, individually and as executrix of the estate of her late husband, Gilbert Salle, (collectively "Salle") on Salle's claims for conversion of earnest money and retention of other payments, conversion of personal property, attorney fees, and punitive damages. The record shows Salle sued Roswell Properties for its actions concerning the proposed sale of a house.

Salle contracted with Roswell Properties to purchase a house that Roswell Properties would build in one of its subdivisions. As part of the agreement, Salle made certain earnest money payments and also paid for an addition to the house. For whatever reason, construction of the house did not proceed as contemplated, and the house was not ready for occupancy as expected. Consequently, the completion date of the house was repeatedly extended. Ultimately, however, Roswell Properties notified Salle that if the purchase did not close by a date certain, Roswell Properties would sell the house to another.

The sale to Salle did not close, and Roswell Properties sold the house to another party. After Roswell refused Salle's demand for return of monies she claimed she was owed, Salle sued and recovered a judgment. This appeal followed. *Held*:

1. Roswell Properties' first enumeration of error contends the trial court erred by denying its motion to stay the proceedings and compel arbitration. Pretermitting whether the contract authorized arbitration under 9 USC § 1 et seq., the record shows the trial court did not err by denying this motion because Roswell Properties waived any right to arbitration which it might have had. The record shows that rather than submitting to arbitration any disputes with Salle, including whether the house was complete and ready for occupancy, Roswell repudiated the contract by deeming the contract "null and void or cancelled" and by selling the house to a third party. These actions waived Roswell Properties' right to seek arbitration. *National Parents' Resource Institute for Drug Ed. v. Peachtree Hotel Co.*, 201 Ga. App. 637, 638 (411 SE2d 884). "An arbitration clause of a contract

may be repudiated, waived, or abandoned, by either or both parties to a contract. An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration." (Citations omitted.) *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 12-13 (345 SE2d 53).

2. Roswell Properties' second enumeration contends the trial court erred by denying its motion for judgment n.o.v. or in the alternative for a new trial because the verdict is contrary to the law as there was no evidence supporting the conversion and attorney fees claims, and the verdict is contrary to the evidence and strongly against the evidence because no evidence supported Salle's claims for conversion and attorney fees or her opposition to Roswell Properties' reliance on the liquidated damages clause of the contract. In enumerations of error 3, 4, and 5 Roswell contends the trial court erred by denying its motion for directed verdict on the issues of conversion, attorney fees, and liquidated damages and in its second enumeration refers us to its arguments in the other enumerations.

We will first consider whether the trial court erroneously denied Roswell Properties' motion for a new trial and will address the trial court's denial of the motion for judgment n.o.v. when we consider the denial of Roswell Properties' motions for a directed verdict.

Denials of motions for new trial on evidentiary grounds will be reversed on appeal only if no evidence supports the verdict. *Estfan v. Poole*, 193 Ga. App. 507, 509 (388 SE2d 373); *Mathis v. Dept. of Transp.*, 185 Ga. App. 658 (365 SE2d 504). Moreover, after a jury verdict is approved by the trial court, a judgment, supported by the evidence, will not be disturbed on appeal unless there is a material error of law. *Archer Motor Co. v. Intl. Business Invest.*, 193 Ga. App. 86, 88 (386 SE2d 918); *Smith v. Clifford H. Pryor &c.*, 193 Ga. App. 523, 524 (388 SE2d 383). Further, whether a verdict is contrary to the weight of the evidence is a question vested in the trial court's discretion. The trial court may grant a new trial on these grounds, but appellate courts have no such power. After the trial court approves the verdict, the sole question for this court is whether there is any evidence sufficient to authorize it. *Green v. Dillard*, 176 Ga. App. 574 (337 SE2d 55), overruled on other grounds, *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 857 (360 SE2d 415).

As will be discussed below, the record contains sufficient evidence to support the trial court's denial of Roswell Properties' motion for a new trial on each of the grounds asserted. Accordingly, the trial court did not err by denying Roswell Properties' motion for a new trial.

3. When considering whether the trial court erred by denying motions for directed verdicts and motions for judgment n.o.v., we review and resolve the evidence and any doubts or ambiguities in favor of the verdict; directed verdicts and judgments n.o.v. are not proper un-

less there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom demands a certain verdict. *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268). Thus, a judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. If the evidence is conflicting, or if insufficient evidence exists to make a "one-way" verdict proper, judgment n.o.v. should not be granted. Further, when considering these motions, trial and appellate courts must view the evidence in the light most favorable to the party securing the jury verdict. *Denson v. City of Atlanta*, 202 Ga. App. 325, 326 (414 SE2d 312).

(a) On the issue of conversion, the record shows the evidence presented did not demand a verdict for Roswell Properties on any of the grounds asserted. Salle presented evidence showing that under the terms of the contract of sale the earnest money paid was "to be applied as part payment of purchase price of said property at the time sale is consummated," that she made two earnest money payments in the total amount of $12,500, and Roswell Properties refused to return the earnest money to her after the sale of the house did not close. This evidence authorized submitting to the jury a claim for conversion of the earnest money. *Winter Chase Townhomes v. Koether*, 193 Ga. App. 161, 163 (387 SE2d 361). The conflicting evidence presented by Roswell Properties merely created a jury issue.

(b) The trial court also did not err by denying Roswell Properties' motions on the issue of attorney fees. Salle's complaint claimed attorney fees from Roswell Properties under OCGA § 13-6-11 because of Roswell Properties' bad faith, stubborn litigiousness, and causing unnecessary trouble and expense. Salle presented evidence tending to show that Roswell Properties breached its contract with her in bad faith because it could sell the house to another for a greater profit.

In this regard, the evidence showing the price to Salle was $153,000, the selling price to the third party was $166,000 and Roswell Properties kept the earnest money and other sums Salle paid for improvements to the house. Other evidence was presented from which the jury could conclude Roswell Properties unreasonably attempted to delay completion of the house, and that Salle had to sue to recover money that should have been returned to her under the contract of sale. Issues concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense are generally questions for the jury. *Gorin v. FPA 2*, 184 Ga. App. 239, 241 (361 SE2d 193); *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218, 221 (308 SE2d 564).

(c) Under the circumstances of this case, we also find the trial court did not err by denying Roswell Properties' motions on liquidated damages. See OCGA § 13-6-7. We must note, however, that

trial courts should not ordinarily submit the issue of whether a contract provides for liquidated damages or a penalty to the jury. See *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222). This issue should be decided as a matter of law, unless after applying the usual rules of contract construction, an ambiguity remains warranting submitting a factual issue to the jury. See *Lineberger v. Williams*, 195 Ga. App. 186, 190 (393 SE2d 23). In this case, as neither party objected to the procedure and instead submitted requested charges on the issue, we find no harmful error. One cannot complain of a result he procured or aided in causing (*Locke v. Vonalt*, 189 Ga. App. 783, 787 (377 SE2d 696)) and induced error is not an appropriate basis for claiming prejudice. *Sullens v. State*, 239 Ga. 766, 767 (238 SE2d 864); *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420). Moreover, we find as a matter of law that the contract provision did not call for liquidated damages. Therefore, any error resulting from the submission of this issue to the jury was harmless. A party seeking a reversal must show not only error, but harm. *Georgia Power Co. v. Bishop*, 162 Ga. App. 122, 126 (290 SE2d 328).

"[A] liquidated damages provision is or is not enforceable based upon the intent that was manifested at the time that the provision was originally proposed and agreed to" (*Adams v. D & D Leasing Co.*, 191 Ga. App. 121, 123 (381 SE2d 94)), and to determine the intent, we first look to the contract language. *Burns v. Gleason*, 183 Ga. App. 245, 246 (358 SE2d 646). This contract provided: "In the event of purchaser's inability, failure or refusal to close on this contract, purchaser shall forfeit to seller the earnest money which shall be accepted as full payment of all liquidated damages arising from this transaction."

The test to be employed is established in *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340), i.e., a contract provision will be treated as one for liquidated damages only if all of the following questions are answered affirmatively: First, was the injury caused by the breach difficult or impossible of accurate estimation; second, did the parties intend to provide for damages rather than a penalty; and third, was the stipulated sum a reasonable pre-estimation of the probable loss from the breach. See *Budget-Luxury Inn v. Kamash Enterprises*, 194 Ga. App. 375, 376 (390 SE2d 607). "In determining whether a designated sum that is to be paid to one party in the event that the other breaches the contract is a penalty, we must ascertain whether it was inserted for the purpose of deterring the party from breaching his contract, and of penalizing him in the event he should do so, or whether it was a sum which the parties in good faith agreed upon as representing those damages which would ensue if the contract should be breached." *Florence Wagon Works v. Salmon*, 8 Ga. App. 197, 199 (68 SE 866). Further, " 'where, to secure

the performance of the terms of a contract, there is a stipulation for the payment of a fixed, unvarying sum, upon the breach of any of several promises of varying degrees of importance, . . . the sum named will be construed to be a penalty.'" *Florence*, supra at 201.

This contract clause is drafted in terms of forfeiting an unspecified sum of earnest money. Although the labels given in the contract are not determinative (*Daniels v. Johnson*, 191 Ga. App. 70, 71 (381 SE2d 87)), we also note that there is no indication any effort was made to determine whether the damages for the breach would be difficult or impossible to estimate accurately or to judge whether the earnest money was a reasonable pre-estimation of the probable damages. Also, there is no evidence the provision was the result of any effort by the parties to estimate, in advance, a reasonable and certain sum as liquidated damages, and there is no evidence the earnest money bore any reasonable relationship to the actual damages which might accrue. Instead, the purchaser was to forfeit whatever the earnest money paid happened to be, regardless of when the breach might occur. *Florence*, supra. Further, contract provisions are generally construed against the drafter (*Stern's Gallery &c. v. Corporate Property &c.*, 176 Ga. App. 586, 593 (337 SE2d 29)), i.e., Roswell Properties. In addition, in cases of doubt courts favor a construction of the contract holding the provision to be a penalty. *Southeastern Land Fund*, supra at 231.

Considering these factors, we must find this agreement was a penalty, and not an enforceable liquidated damages provision. *Daniels v. Johnson*, supra.

Accordingly, the trial court did not err by denying Roswell Properties a directed verdict or judgment n.o.v. on any of the grounds asserted above. *Denson v. City of Atlanta*, supra; *Southern Store &c. Co. v. Maddox*, supra.

4. In view of our holding in Division 3a, supra, the trial court did not err by charging the jury on conversion.

5. Roswell Properties asserts that the trial court erred by refusing to delete from the charge on liquidated damages the word "forfeiture." We find no error. Roswell Properties is not entitled to have the charge given in exactly the terms it wishes, and the charge given, i.e., "the law does not favor forfeiture or penalty," accurately informed the jury of the law applicable to this issue.

6. Next, Roswell Properties alleges the trial court erred by giving a charge on recovery of chattels. The only argument on the enumeration states: "This is discussed in detail at item 3. The standard of review is substantial error." As we find no argument in the brief, this issue is deemed abandoned. Court of Appeals Rule 15 (c); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564).

7. Roswell Properties also contends the trial court erred by charg-

ing the jury on unjust enrichment as this theory is inapplicable when there is an express contract between the parties. See *Ramsey v. Langley*, 86 Ga. App. 544 (71 SE2d 863). Review of the record, however, discloses that Roswell Properties did not object to the charge on this basis. Instead, Roswell Properties objected only because the charge given was not adjusted to the facts. Therefore, we cannot consider this issue because the objection was not made in the trial court, but is raised for the first time on appeal. OCGA § 5-5-24 (a); *Lloyd v. Stone Mtn. Mem. Assn.*, 165 Ga. App. 679, 680 (302 SE2d 602).

8. Roswell Properties contends the trial court erred by refusing to give its requested charge on substantial completion of the project. The requested charge stated: "I charge you that when the project is capable of being used for its intended purpose, substantial completion has occurred." The charge given by the trial court stated that "it is not strict compliance, but substantial compliance with a contract that is required," and "where the compensation is due only on the performance of the contract, a literal and strict performance is not required. If the builder was acting in good faith and intending and attempting to perform the contract . . . he may recover . . . notwithstanding slight and trivial defects and deviations in performance." Since these charges substantially covered the principle included within the requested charge, we find no error. It is not error to fail to charge in the exact language requested where the principles embodied in the request were included in the charge given. *McCurry v. McCurry*, 223 Ga. 334, 335 (155 SE2d 378); *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 160 (256 SE2d 916).

9. Roswell Properties also contends the trial court erred by refusing to give its requested charge no. 18 (a) on personal property. Review of the transcript shows that any issue concerning the failure to give this charge was waived. Roswell Properties objected to the failure to give charge 18, on liquidated damages, and requested charge 18 (b) on personal property, but did not object about requested charge 18 (a). Therefore, the issue was waived. Further, an objection merely stating the party objects to the trial court's failure to charge a specific numbered request is insufficient to preserve the issue. *Lissmore v. Kincade*, 188 Ga. App. 548, 551 (373 SE2d 819). The objection must be distinctly stated for a " 'reasonable' trial judge to understand its nature, enabling him to rule intelligently on the specific point." *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472).

10. Finally, Roswell Properties contends the trial court erred by refusing to give its requested charge 20 on attorney fees. The requested charge stated "the expenses of litigation are not generally allowed as a part of the damages. In order for the party to receive any litigation cost they must establish that the defendant acted in bad faith, did not have a colorable defense or caused the plaintiff unneces-

sary trouble and expense. Accordingly, if you find that the defendant had a good faith defense, then you should not grant any litigation costs." This is not an accurate statement of the law on the award of litigation expenses and attorney fees under OCGA § 13-6-11, and is misleading because it states that a good faith defense, a defense to only one of the grounds for Salle's OCGA § 13-6-11 claim, would be a complete defense to the entire claim. "A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper." (Citations and punctuation omitted.) *Mattox v. MARTA*, 200 Ga. App. 697, 699 (409 SE2d 267). Additionally, a trial court does not err by refusing to give a requested charge which, as crafted, creates a fair risk of confusing or misleading the jury when examined in light of the other charges given. See *Jones v. State*, 200 Ga. App. 519, 521 (408 SE2d 823). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 19, 1993 —
RECONSIDERATION DENIED MARCH 30, 1993

*Mark A. Smith III*, for appellant.
*B. Thomas Cook, Jr.*, for appellee.