## S93A1142. WAGAN v. WAGAN.
### (434 SE2d 475)

CARLEY, Justice.

In appellee-plaintiff's and appellant-defendant's divorce action, the jury awarded appellee, as a component of the equitable division of property, $25,000 which was then ostensibly being held in an escrow account by appellant's attorney. In entering judgment on the jury's verdict, the trial court ordered appellant to "cause his attorney . . . to pay to [appellee] the sum of $25,000 held in escrow. . . ." Appellant thereafter secured representation by another attorney, through whom he demanded that his original attorney deliver the $25,000 to appellee. However, appellant's original attorney had apparently converted the $25,000 and, after appellant's demand was made, the attorney committed suicide.

When the $25,000 was not forthcoming from appellant's former attorney, appellee sought to have appellant cited for contempt and she also moved "For Reformation and Clarification" of the final divorce decree. After a hearing, the trial court entered the following "Order On Contempt And Reformation": "[Appellant] having hereto-

fore failed to cause his [original] attorney . . . to pay to [appellee] the sum of $25,000, [appellant] shall be required to pay said sum to [appellee] within ten (10) days of the date of this Order." Appellant appeals from this order, pursuant to the grant of his application for a discretionary appeal.

Because the divorce action had been tried before a jury, the trial court's authority over its original judgment was limited.

> Every court has power to amend and control its processes and orders so as to make them conform to law and justice, and to amend its records to conform to the truth. [Cit.] But when founded on verdicts of a jury, . . . the court may not amend the judgment . . . so as not to follow the verdict.

*Cox v. LeRoy*, 130 Ga. App. 388 (2) (203 SE2d 863) (1973). Accordingly, the issue for resolution is whether the trial court's subsequent order that appellant "shall be required to pay [the] sum [of $25,000] to [appellee]" had the erroneous effect of amending the judgment in a manner which was inconsistent with the jury's verdict.

The jury awarded appellee the $25,000 as a component of the equitable division of property. "It cannot be denied that alimony and equitable property division are not synonymous. [Cit.]" *Peters v. Peters*, 248 Ga. 490, 491 (2) (283 SE2d 454) (1981).

> OCGA § 19-6-1 (a) defines alimony as "an allowance out of one party's estate, made for the support of the other party when living separately. It is either temporary or permanent." Alimony is distinctly different from an equitable division of property between husband and wife, the latter being an allocation of assets acquired during the marriage to the parties, based on their respective equitable interests in those assets. [Cits.]

(Emphasis omitted.) *Boyd v. Boyd*, 191 Ga. App. 718 (382 SE2d 730) (1989).

Accordingly, the jury's verdict cannot be construed as an alimony award to appellee of the fungible sum of $25,000 to be paid by appellant from his own estate. The jury identified a particular $25,000 fund as a discrete element of marital property and awarded that particular fund to appellee. In this regard, the verdict was no different from an award to appellee of the title to stocks or other items of property which were then ostensibly being held by a trustee.

> The verdict of the jury disposing of the property in a divorce case shall be carried into effect by the court by entering such judgment or decree or taking such other steps as are usual in

the exercise of the court's equitable powers to execute effectually and fully the jury's verdict. OCGA § 19-5-13.

Consistent with the jury's verdict, the trial court's original judgment did not order appellant to pay appellee a fungible sum of $25,000. Instead, the trial court's original judgment comported with the jury's verdict. The original judgment had the effect of awarding appellee title to the identified fund (see *Elrod v. Elrod*, 231 Ga. 222 (200 SE2d 885) (1973)) and, to facilitate appellee's receipt of this awarded item of property, it also ordered appellant to "cause his attorney . . . to pay to [appellee] the sum of $25,000 held in escrow. . . ." Appellant complied with that order insofar as he demanded that his original attorney deliver the $25,000 to appellee. Appellee's failure to have received the $25,000 was not the result of appellant's wilful disobedience, but of the fiduciary's apparent misappropriation of the fund.

It follows that the trial court erred in subsequently ordering that appellant "shall be required to pay [the] sum [of $25,000] to [appellee]. . . ." This had the erroneous effect of amending the judgment to make it an *in personam judgment against appellant*, in the nature of an award of lump sum alimony, which would be totally inconsistent with the jury's *in rem award to appellee* of the $25,000, as a component of equitable property division. See generally *Allen v. Community Loan &c. Corp.*, 78 Ga. App. 611 (51 SE2d 872) (1949).

A trial court has no authority, in a contempt proceeding, to modify a final judgment and divorce decree. [Cit.] [The trial court's order in the instant case] was a modification of the final judgment and decree and must be reversed.

*Harper v. Smith*, 261 Ga. 286 (404 SE2d 120) (1991). See also *Everett v. Everett*, 256 Ga. 632, 633 (2) (352 SE2d 370) (1987). Compare *Kaufmann v. Kaufmann*, 246 Ga. 266, 268 (3) (271 SE2d 175) (1980). *Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1993.

*Evans & Flournoy, Charles A. Evans,* for appellant.
*Alembik, Fine & Callner, Bruce W. Callner, Skelly, Deininger & Cronkright, Douglas L. Cronkright,* for appellee.