S00A1399. BYERS v. CALDWELL.
(539 SE2d 141)

CARLEY, Justice.

William Caldwell and Terry Byers were divorced in 1989. In addition to addressing the issues of child support and periodic alimony, the initial provisions of the final decree made individual awards of certain specified items, such as the house and cars. Thereafter, Paragraph 12 ordered Mr. Caldwell to pay Ms. Byers "as equi-

table division of marital property the sum of $200,000 from the *other assets* of the parties." (Emphasis supplied.) Paragraph 13 provided that, "[i]n order to secure the payment of the equitable division of $200,000 hereinabove referred to, [Ms. Byers] shall have a special lien upon all of [Mr. Caldwell's] interests and partnership shares and benefits, including but not limited to," several strip shopping centers. Originally, this award was to be paid in monthly installments of $2,000 scheduled to begin 30 days after Ms. Byers remarried. Within weeks of the divorce, she did marry again, and the decree thereafter was modified to provide that the monthly payments of $2,000 would start 30 days after the sale of the marital home. Although the house was "sold" in a 1991 foreclosure, Mr. Caldwell has not made any of the $2,000 monthly payments. Ms. Byers filed several contempt actions, the last of which resulted in a consent order wherein he agreed to pay her $50,000 of the $200,000. He made that payment, leaving a balance due of $150,000.

In 1999, Mr. Caldwell filed a motion to clarify the meaning of "other assets" as used in the final divorce decree to identify the source of the $200,000 awarded to Ms. Byers. Contending that the reference was limited to his partnership interests in the shopping centers, he sought a ruling that he did not have to pay Ms. Byers until those partnerships distribute funds to him or until he sells his interests therein. According to Ms. Byers, the meaning of "other assets" is not so restricted. The trial court concluded that the phrase "other assets" was a clear and unambiguous reference to his partnership interests. Ms. Byers filed an application for discretionary appeal, which we granted in order to determine whether the trial court correctly interpreted the term "other assets" in the divorce decree.

Construction of a judgment requires consideration of the entirety of its provisions and, consequently, the avoidance of unduly emphasizing any particular word therein. See *Shepard v. Bozeman*, 222 Ga. 585, 587 (151 SE2d 147) (1966); *Alexander v. Steining*, 197 Ga. App. 328 (1) (398 SE2d 390) (1990). Here, "other assets" was used in connection with the equitable division of the marital property. Such an award represents "an allocation of assets acquired during the marriage to the parties, based on their respective equitable interests in those assets. [Cits.]" *Boyd v. Boyd*, 191 Ga. App. 718 (382 SE2d 730) (1989). If funds from a specified source are awarded to one of the spouses as an element of the equitable division of their marital property, the other spouse cannot be required to make payment from a completely different marital asset. *Wagan v. Wagan*, 263 Ga. 376 (434 SE2d 475) (1993). Thus, had the judgment actually denominated the partnerships as an in rem award to Ms. Byers, then Mr. Caldwell could not be compelled to satisfy that obligation from any

other source. However, the decree does not designate the partnerships or any other particular fund from which he is to pay the sum of $200,000. Compare *Wagan v. Wagan*, supra. To the contrary, the judgment simply provides generally that he is to pay that amount from their unspecified "other assets." It is apparent that Paragraph 12 indicates that the $200,000 is to be funded from other unidentified marital assets not awarded specifically to one of the parties in the preceding provisions of the judgment. See *Clements v. Clements*, 255 Ga. 714 (1) (342 SE2d 463) (1986). The subsequent express reference to the partnerships in Paragraph 13 does not evince an intent to consider those interests as an element of the marital property actually awarded to Ms. Byers. Instead, that reference provides only that Mr. Caldwell's own personal interest in those partnerships shall constitute security for his general obligation to pay the $200,000 as an equitable division of property. Construing the decree in its entirety, the security for the award to Ms. Byers is limited to a special lien on Mr. Caldwell's partnership interests, but the source of funding for the $200,000 payment is not restricted to those interests.

The decree originally required Mr. Caldwell to begin the monthly payments of $2,000 upon Ms. Byers' remarriage, at which time he would no longer be obligated to pay her periodic alimony. The judgment subsequently was amended to provide for the commencement of payments after the sale of the marital residence, at which time his obligation to pay the mortgage, utilities, insurance and taxes would terminate. In either event, Mr. Caldwell was required to start paying the award as soon as he was relieved of some other financial burden under the decree. Had the parties intended for "other assets" to refer solely to the partnership interests, the judgment would have provided for the payments to start upon Mr. Caldwell's sale of those interests or some other event related thereto. Instead, the decree specifies only that his interests in partnerships will secure his obligation to pay the total sum of $200,000 as the equitable division of the "other assets" of the parties. The trial court's contrary construction erroneously amends the judgment so as to make it an in rem award to Ms. Byers of the partnerships themselves. See *Wagan v. Wagan*, supra. Properly construed, the decree imposes an unconditional requirement upon Mr. Caldwell to begin making the monthly payments of $2,000 within 30 days of the sale of the house. See *Clements v. Clements*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 20, 2000 —
RECONSIDERATION DENIED DECEMBER 14, 2000.

*Donald W. Huskins,* for appellant.
*Michael C. Murphy,* for appellee.